JAMES K. MIERSMA
ROUTH CRABTREE OLSEN, P.S.
3535 Factoria Blvd SE #200
Bellevue, WA 98006

HON. Randall L. Dunn
CHAPTER 13

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re:<br><br>Eugene Tyrone Alwine and Bobbi Lee Alwine,<br><br>Debtors. | Case No. 09-39313-rld13<br><br>OBJECTION TO CONFIRMATION BY GMAC INC. |
|---|---|

GMAC Inc.,(Creditor), a secured creditor in the above referenced Chapter 13 Plan, objects to confirmation of Debtor's Plan pursuant to 11 U.S.C. §§1322 and 1325 and in support thereof alleges:

BACKGROUND

1. The Debtor herein purchased a 2006 Chevrolet Silverado Vin# 1GCJK39U26E184813 (the "Vehicle") under a retail installment sale contract dated October 2, 2008. A copy of the contract is attached hereto as Exhibit A. The contract provided for payments of $415.59 for 60 months, and an interest rate of 12.00%. The Debtors gave a purchase money security interest in the vehicle and the contract was signed by Debtors within 910 days preceding the filing date of this Chapter 13 petition. On information and belief, the vehicle was acquired for the personal use of the Debtors. If the vehicle was acquired for some other reason than the personal use of the Debtors, the Plan does not so specify.

2. Creditor is the legal owner of the Vehicle as evidenced by the Certificate of Title, a true and correct copy of which is attached hereto as Exhibit B.



ROUTH CRABTREE OLSEN, PS
3535 Factoria Blvd SE #200
Bellevue, WA 98006
425-458-2121 FAX: 425-458-2131

3. On or about November 10, 2009 a petition for relief under Chapter 13 of the Bankruptcy Code was filed by the Debtor and a Chapter 13 Plan was proposed.

4. Creditor filed a secured proof of claim on or about November 13, 2009 in the amount of $16,802.67 plus interest. The Vehicle was valued at $16,802.67.

5. The Debtor's Plan is 36 months in length and values the Vehicle at $13,025.00. Debtor proposes monthly payments of $300.00 and an interest rate of 6%.

OBJECTION

6. Creditor objects to confirmation of the Plan since the Plan does not propose to pay the full balance of the contract due, $16,802.67. Under the Bankruptcy Code now in effect, the Debtors must pay the full balance due for a vehicle purchased within 910 days of the filing if the vehicle is used for the personal use of the Debtors. Debtors give no information in their plan to explain why these Code provisions should not apply to this contract.

Dated: December 10, 2009.

ROUTH CRABTREE OLSEN

By: /s/ James K. Miersma
James K. Miersma, OSB #021623
Attorneys for Creditor



ROUTH CRABTREE OLSEN, PS
3535 Factoria Blvd SE #200
Bellevue, WA 98006
425-458-2121 FAX: 425-458-2131

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121
FACSIMILE (425) 458-2131

Honorable Judge Randall L. Dunn
Chapter 13

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re: Eugene Tyrone Alwine and Bobbi Lee Alwine<br><br>Debtors. | **Chapter 13 Bankruptcy**<br><br>**No.: 09-39313-rld13**<br><br>**CERTIFICATE OF MAILING** |
|---|---|

CERTIFICATE OF MAILING

I hereby certify under penalty of perjury of the laws of the State of Washington that I mailed a true and correct copy of the Objection to Confirmation of Plan by Secured Creditor, postage pre-paid, regular first class mail or via Electronic Message through Electronic Case Filing (noted below) on the 10 day of December, 2009, to the parties listed on the attached exhibit.

DATED this 10 day of December, 2009.

By: /s/ Abdon Valdez III
Legal Assistant



ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Eugene Tyrone Alwine
28281 S. Dalmation Rd.
Mulino, OR 97042

Bobbi Lee Alwine
1300 SW 5th #1700
Portland, OR 97042

Todd Trierweiler
4721 Northeast 102nd Avenue
Portland, OR 97220

**Via ECF Notice:**

US Trustee Portland
620 SW Main Street
Room 213
Portland, OR 97205

Brian D. Lynch
Chapter 13 Trustee
1300 Southwest 5th, #1700
Portland, OR 97201



ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

# RETAIL INSTALLMENT CONTRACT

Dealer Number 0689 Contract Number Date 10/2/2008

| Buyer (and Co-Buyer) Name(s) and Address (Include County and Zip Code) | Creditor/Seller (Name and Address) |
|---|---|
| EUGENE T ALWINE<br>28281 S DALMATION RD<br>MULINO OR 97042 CLACKAMAS | Hubbard Chevrolet, Inc.<br>2937 G Street/ PO Box 100<br>Hubbard, OR 97032 |

OCT 14 2008

By signing this contract, I am buying the Property described below from you, the Creditor/Seller indicated above, and I agree to the terms stated on the front and back of this contract, including those stated in the Federal Truth-in-Lending Disclosures
Security Interest By signing this contract, I grant to you a security interest in the "Property", which is the vehicle described below and all presently owned and after-acquired accessions now or later attached to it, and in any insurance premiums financed by this contract which are refunded, to secure payment of all amounts owed under this contract
*If the Property is a used vehicle:* The information I see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale

| Model Yr | Make & Model | Body Type | Color | Odometer | Vehicle Identification No | St & Lic No | New/Used | No Cyls. |
|---|---|---|---|---|---|---|---|---|
| 2006 | CHEVROLET SILVERADO 3500 | Extended C | WHITE | 16,397 | 1GCJK39U26E184813 | | Used | |

Describe body and major items of equipment sold — Use for which purchased ☒ Personal ☐ Commercial ☐ Agricultural

☐ Auto Trans ☐ Pwr Steer ☐ Air Cond ☐ AM/FM Stereo ☐ Cassette ☐ Compact Disc ☐ Pwr Windows ☐ Pwr Locks ☐ Pwr Seats ☐ Tilt Wheel ☐ Cruise

Insurance and Protection If any insurance or protection is checked below, the policies or certificates issued by the Companies named will describe the terms and conditions

Optional Insurance. Credit life insurance, credit disability insurance and other optional insurance are not required to obtain credit and will not be provided unless I sign for them and agree to pay the additional cost If I have chosen this insurance, the cost is shown in 4a of the itemization below Credit life insurance is based upon the payment schedule and the term of this contract This insurance may not pay all I owe on this contract if I make late payments Disability insurance covers the original payment amount for the term of this contract If I make late payments, disability insurance will not pay all of my payments The amount and coverages are shown in a notice or agreement given on this date

☐ Credit Life (Buyer ☐ Co-Buyer ☐ Both ☐) Insurer N/A Insured(s) N/A
☐ Credit Disability, Accident and Health (Buyer only) Insurer N/A Insured N/A
☐ (Type of Other Insurance) N/A Insurer N/A Insured N/A Term N/A

Under policy of designated Insurance Company(ies), maximum amount of insurance under this contract is $24,935.40, and the total amount of insurance under this and any other installment contract of the Buyer is limited to $ N/A

I want the insurance coverage(s) checked above, and I know that it is not required to obtain credit

Buyer Signature Date 10/2/2008 Co-Buyer Signature Date 10/2/2008

Required Physical Damage Insurance Physical damage insurance is required, but I may obtain it from anyone I choose If purchased through you from the Insurance Company named below, the cost of this insurance, for the term shown immediately below, is shown in 4b of the itemization below
Insurance Company N/A Term N/A months
☐ $ N/A Deductible Collision and either
☐ Full Comprehensive including Fire, Theft and Combined Additional Coverage
☐ $ N/A Deductible Comprehensive including Fire, Theft and Combined Additional Coverage
☐ Fire, Theft and Combined Additional Coverage
Optional, if desired - ☐ Towing and Labor costs ☐ Rental Reimbursement ☐ CB Radio Equipment

Optional Service Contract The cost of this contract is shown in 4c of the itemization below
Company N/A
Term N/A $ N/A Deductible
Optional Mechanical Breakdown Protection. The cost of this protection is shown in 4d of the itemization below
Company N/A
Term N/A $ N/A Deductible

**Warning: The insurance or protection referred to in this contract does not include coverage for public liability, bodily injury, or property damage (other than the vehicle noted above) caused to Buyer or others.**

ITEMIZATION OF AMOUNT FINANCED

1 Cash Sale Price (including any accessories) $ 22,995.00 (1)
2 Downpayment (If 2d is negative do not include 2d in Total Downpayment computation, then add the amount due back at line 4j)
  a Cash Downpayment $ N/A
  b Manufacturer's Rebate (if applicable) $ N/A
  c Deferred Downpayment (Pickup Pymt), due N/A, on which there's no finance charge, of $ N/A
  d Trade-in Value $ 4,495.00 Less owing $ N/A Net $ 4,495.00 $ 4,495.00
  Description of Trade-in 2000 FORD F350 Super Duty Lien Payoff To N/A
Total Downpayment (a+b+c+d) (also put this figure on the downpayment line in the Total Sale Price box below) (Do not include 2d if negative) $ 4,495.00 (2)
3 Unpaid Balance of Cash Sale Price $ 18,500.00 (3)
4 Charges other than Finance Charge, including Amounts Paid to Others on My Behalf (* Seller may be retaining a portion of this amount)
  a Cost of Optional Insurance for the Term of this Contract paid to the Insurance Company(ies) named above *
  Credit Life $ N/A Credit Disability, Accident and Health $ N/A Other $ N/A $ N/A
  b Cost of required Physical Damage Insurance paid to the Insurance Company named above (covers damage to vehicle) * $ N/A
  c Cost of Optional Service Contract paid to the Company named above (covers certain repairs) * $ N/A
  d Cost of Optional Mechanical Breakdown Protection paid to the Company named above (covers certain repairs) * $ N/A
  e License/Registration Fees paid to government agencies $ 6.00
  f Title Fees paid to government agencies $ 55.00
  g DEQ Certification Fee paid to government agencies $ N/A
  h Title & Registration Processing Fee paid to Seller $ , Optional Electronic Filing Fee paid to Seller $30.00 $ 30.00
  i Sales Tax / Excise Tax paid to government agencies $ N/A
  j Other Charges (Seller must identify who will receive payment and describe purpose - include negative trade equity here) *
  to N/A for N/A $ N/A
  to N/A for N/A $ N/A
  Total Other Charges and Amounts Paid to Others on My Behalf * $ 91.00 (4)
5 Amount Financed Principal Balance (3+4) * (also put this figure in the Amount Financed box below) $ 18,591.00 (5)
6 Finance Charge * (also put this figure in the FINANCE CHARGE box below) $ 6,344.40 (6)
7 Time Balance (5+6+2c) (also put this figure in the Total of Payments box below) $ 24,935.40 (7)
8 Time Sale Price (1+4+6) (also put this figure in the Total Sale Price box below) $ 29,430.40 (8)

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost me | Amount Financed The amount of credit provided to me or on my behalf | Total of Payments The amount I will have paid after I have made all payments as scheduled | Total Sale Price The total cost of my purchase on credit, including my downpayment of $4,495.00 is |
|---|---|---|---|---|
| 12.00 % | $ 6,344.40 E* | $ 18,591.00 | $ 24,935.40 E* | $ 29,430.40 E* |

My Payment Schedule will be

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 60 | 415.59 | Due On 11/16/2008 |
| | | Monthly Beginning |
| | | Due On |
| | | |

Security. I am giving a security interest in the goods or property being purchased

Late Charge. For each payment that is not paid within 10 days after its scheduled payment date, I will pay a late charge of 5% of the amount that's late

Prepayment. If I pay off early, I will not have to pay a penalty

See other contract provisions for any additional information about nonpayment, default and any required repayment in full before the scheduled date

* E means estimate.

Payments and Interest Calculation I will pay you the Total of Payments according to "My Payment Schedule" shown above Any payment listed on the first line of the schedule is a deferred downpayment which does not bear a Finance Charge The payments listed on the second line of the schedule are equal consecutive monthly payments which are due on the same day of each month, beginning on the date shown However, the amount of the last payment will be adjusted to include interest figured on the Principal Balance I owed, for the time I owed it I will pay interest on the Principal Balance outstanding each day at the Annual Percentage Rate The Total of Payments and Finance Charge shown above assume I will pay exactly as agreed If I pay late or less than the required payment, the Finance Charge is increased If I pay early or more than the required payment, the Finance Charge is decreased Payments will first pay interest owing to the date you receive my Payment, then Late Charges, and the remainder will reduce the Principal Balance I owe

Subject to Credit Approval

CONSUMER PAPER

**NOTICE: The Creditor/Seller intends to sell this contract to (name and mailing address): GMAC P.O. Box 8125 Cockeysville MD 21030-8125, which if it buys the contract, will become the owner of the contract and your creditor. After the sale of this contract, all questions concerning either terms of the contract or payments should be directed to the buyer of the contract at the address indicated above. If the contract is transferred to a holder other than the one identified in this notice, or retained by the Seller, Seller shall cause notice in writing of the name and address of the actual holder to be delivered to you within 10 days of the decision.**

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the finance charge.**

Sales Transaction Subject to Approval of Financing The sale of the vehicle to you is subject to approval of financing You agree to provide Dealer with all credit and income information reasonably required, and otherwise exert your best efforts, to have the Retail Installment Contract (contract) purchased by a third party In the event that a third party declines to purchase the contract, Dealer reserves the right to carry the contract in house or to declare the purchase null and void

Until irrevocable contract acceptance by a third party or the Dealer, you shall have absolutely no right, title and interest in the vehicle Immediately upon oral or written notice to you that the dealer has declared the purchase null and void, you shall either (a) immediately tender in cash or cash equivalent, the unpaid purchase price of the vehicle, or (b) immediately return the vehicle to the Dealer. In the event you return the vehicle to the Dealer, Dealer shall return the trade-in vehicle, if any, and Dealer shall also refund all deposits and/or down payments made by you to Dealer You shall be responsible for any and all damage occuring to the vehicle while in your possession, and the cost of such repairs may be set off by Dealer against any deposit refund due you In the event that you fail or refuse to return the vehicle upon Dealer's demand, Dealer shall have the rights of a secured creditor under ORS Chapter 79, including the right to self-help repossession You shall be responsible for all damages occuring to the vehicle, including excessive wear and tear and/or loss of the vehicle You may also be charged a reasonable per mile cost for use of the motor vehicle You acknowledge that Dealer has relied upon the representations made by you in your credit application in allowing you to take possession of the vehicle and in selling the vehicle to you.

**IF A THIRD PARTY OFFERS TO FINANCE THE VEHICLE ON TERMS OR CONDITIONS WHICH ARE DIFFERENT FROM THE TERMS AND CONDITIONS OF THIS CONTRACT, YOU MAY RESCIND THE TRANSACTION AND SHALL NOT BE REQUIRED TO SIGN A NEW CONTRACT UNLESS YOU ELECT TO PROCEED WITH THE SALE.**

## NOTICE TO THE BUYER

**Do not sign this contract before you read it or if it contains any blank space, except that (1) if delivery of the motor vehicle or mobile home is to be made to you after this contract is signed, the serial number or other identifying information and the due date of the first installment may be filled in at the time of delivery; and (2) if the name of the financing agency is not known at the time the contract is executed, the name of the financing agency may be inserted in the contract on or about the date the name of the financing agency is known.**

You're entitled to a copy of this contract. You have the right to pay in advance the full amount due and if you do so you may save a portion of the finance charge.
The Undersigned acknowledges receipt of a completed copy of this contract and agrees to its terms, including those stated on the back of this contract.

RETAIL INSTALLMENT CONTRACT

Buyer Signs [signature] Co-Buyer Signs

Other Owners - An Other Owner is a person whose name is on the title to the vehicle but does not have to pay the debt evidenced by this contract The Other Owner hereby grants a security interest in the "Property" (as defined in this contract) to Creditor to secure payment of all amounts owed under this contract, and agrees to all the terms stated on the front and back of this contract, except that the Other Owner will not be personally liable for amounts owed to Creditor under this contract

Other Owner signs here Address
Creditor Signs Hubbard Chevrolet, Inc. By [signature] Title [signature]

OADA Form 300 (10/04) Simple Interest - OREGON ©Copyright OADA Services, Inc (2004) All Rights Reserved (800) 766-8232
The preparer makes no warranty, express or implied, as to content or fitness for purpose of this form Consult your own legal counsel

ORIGINAL TO BANK

EXHIBIT NO. 4
1 OF 2

## TERMS AND CONDITIONS

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

*THE PRECEDING NOTICE APPLIES ONLY TO GOODS OR SERVICES OBTAINED PRIMARILY FOR PERSONAL, FAMILY OR HOUSEHOLD USE*

1 Collection Costs. If I don't make any payment when due according to my payment schedule shown above I will pay you reasonable amounts permitted by law which you spend to collect what I owe or in trying to repossess or sell the Property. I will also pay lawyers fees as set by the court including any for appeals that are paid or owed to lawyers who are not your salaried employees. I will pay $25.00 each time my check is returned unpaid by my bank.

2 Ownership and Risk of Loss. I agree to pay you all I owe under this contract even if the vehicle is damaged, destroyed or missing. I agree not to remove the vehicle from the United States or Canada or to sell, rent, lease or otherwise transfer any interest in the vehicle or this contract without your written permission. I agree not to expose the vehicle to misuse or confiscation. I will make sure your security interest (lien) on the vehicle is shown on the title. If you pay any repair bills, storage bills, taxes, fines, or other charges on the vehicle I agree to repay the amount when you ask for it.

3 Security Interest. I am giving you a security interest in the Property being purchased and any accessories, equipment and replacement parts installed in the vehicle. The security interest also covers (1) insurance premiums and charges for service contracts returned to the Creditor (2) proceeds of any insurance policies or service contract on the vehicle and (3) proceeds of any insurance policies on my life or health which are financed in this contract. This secures payment of all amounts I owe on this contract and any renewal or extension of this contract. It also secures my other agreements in this contract.

4 Insurance, Liens and Upkeep

4.1 I'll keep the Property insured by companies acceptable to you with collision and comprehensive insurance and any other insurance you may require. The insurance policies will have your standard loss payable endorsement and I will deliver the policies to you. No one but you has a security interest or lien on the Property.

4.2 I'll pay taxes and any debts that might become a lien on the Property, and will keep it free of security interests and liens other than yours.

4.3 I'll also keep the Property in good condition and repair.

4.4 If any of these things agreed to in this Section 4 are not done, you may do them and charge me for the cost of doing so. I'll pay the cost of doing these things either on your demand, or as increased future payments or as an additional payment or payments at the end of the contract with interest at the contract rate. Even if you do these things my failure to do them will be a default under Section 8 and you may still use other rights you have based on the default.

4.5 Optional Insurance or Service Contracts. This contract may contain charges for optional insurance or service contracts. [illegible]

[illegible]

8.5 If any creditor tries by legal process to take money from any bank account I have or to take any money or property I may have coming from you.

8.6 If any check or other instrument given as a down payment is dishonored.

8.7 If any trade-in is subject to any lien other than the one shown on the face of this contract, or the amount owing on it is more than the amount shown.

8.8 If the Property is sold, leased, loaned, given away or the Property is lost, stolen, damaged, destroyed, levied upon, seized or attached. If you are required to make any payment in order to release the Property from any levy, seizure or attachment, you may add the amount of such payment to the principal balance which I then owe.

8.9 If you form a good faith belief that the prospect of any payment or performance is impaired.

[illegible]

23. WARRANTIES SELLER DISCLAIMS. I understand that any warranties on the vehicle sold are those made by the manufacturer. I am purchasing the vehicle "as is" from you and you are not offering any warranties, either express or implied, including any implied warranties of merchantability or fitness for a particular purpose of the vehicle. Except for the warranty of the manufacturer, if any, I assume entire risk as to the quality and performance of the vehicle, and if the vehicle proves defective after the purchase, I assume the entire cost of all necessary servicing or repair. I also understand that you will not be responsible for incidental or consequential damages arising from loss of use, loss of time, inconvenience or commercial loss.

## REPURCHASE ASSIGNMENT

FOR VALUE RECEIVED X without recourse with recourse except as provided herein and in any written agreement regarding purchase of contracts executed by Seller and Assignee and now in effect, Seller hereby endorses and assigns to GMAC ("Assignee") this contract and all right, title and interest of Seller in and to the Property described in the contract.

Seller represents and warrants that this contract arose from the sale of the Property, that the title to the Property was at the time of sale vested in Seller free of all liens and encumbrances and that a security interest in the Property is now vested in Seller subject only to the right of Buyer and any Other Owner (hereafter collectively referred to as "Customer"), that the Property is as represented to Customer by Seller, that this contract is valid and enforceable against Customer and that there is unpaid the full amount represented as being owing, which amount is subject to no defense, set-off or counterclaim whatsoever or want of legal capacity on the part of Customer. Seller shall indemnify and hold harmless the Assignee against all claims and defenses, whether valid or invalid, relating to the Property or acts or omissions of Seller including without limitation any based on the Federal Consumer Credit Protection Act or other state or federal law.

As a partial consideration for the purchase of this contract by Assignee, Seller hereby agrees not to assert against Assignee any claim, lien or encumbrance which Seller now has or may hereafter have with respect to the Property.

This assignment shall inure to the benefit of and be binding upon the heirs, executors, administrators, successors and assigns of Seller.

If the Property described in this contract is of a type for which a certificate of title may be obtained, Seller agrees to perfect a security interest in the Property in favor of Assignee within twenty days of the date of this contract as shown on the reverse hereof and to provide Assignee with a certificate of title showing Assignee as first priority security interest holder within 30 days of the date of this contract. If Seller fails to comply with the immediately preceding sentence, Seller will immediately upon Assignee's demand repurchase the contract for the amount owing on the contract, even if the Property is not repossessed or tendered to Seller.

Dated Oct 10, 2008 — Hubbard Chevrolet (Type Firm Name) — [signature] (Seller)

## ASSIGNMENT AND GUARANTY

FOR VALUE RECEIVED the undersigned Seller hereby endorses and assigns to ______ ("Assignee") this contract and all monies to become due thereunder and also grants, bargains, sells and conveys to Assignee all of the right, title and interest of the Seller in and to the Property described in this contract.

In consideration of the purchase of this contract by Assignee, Seller guarantees the payment of the unpaid balance evidenced thereby and agrees to pay upon demand that unpaid balance if Buyer or any Other Owner (hereafter collectively referred to as "Customer") in this contract defaults in the performance of this contract or if any of the warranties are found untrue. The undersigned warrants that Seller has title to this contract and has a valid security interest in the Property, that Seller has the right to make this assignment and transfer, that the Property is free from any liens or encumbrances, that this contract is valid and enforceable against Customer and that there is unpaid on it the full amount represented as being owing on it, which amount is subject to no defense, set-off or counterclaim, whatsoever or want of legal capacity on the part of Customer. Seller hereby consents that Assignee, or its successors or assigns, may, without notice to Seller, extend the time for payments under this contract, waive the performance of such terms and conditions of the contract as it may determine, and make any reasonable settlement under the contract without affecting or limiting Seller's liability as guarantor.

For the purpose of inducing Assignee to purchase this contract Seller submits the accompanying Customer's application which the Seller believes to be true, and declares that the contract arose from the bona fide sale of the Property described in the contract, and that the Property has been delivered into the possession of Customer. In further consideration of the purchase of this contract, Seller agrees that if the Property is returned by or repossessed from Customer, Assignee, its successors or assigns, may recover from Seller the balance due on the contract or may sell the Property, apply the proceeds on the balance due and recover any deficiency from Seller. In either of such events recovery also a reasonable attorney's fee and costs of suit and expense, if any, paid or incurred by Assignee in the repossession or sale or both of the Property. In the event of suit against Customer Seller guarantees, in addition, the payment of costs and reasonable attorneys' fees in such suit or action, including any appeal. Seller shall indemnify and hold harmless Assignee against all claims and defenses, whether valid or invalid, relating to the Property or acts or omission of Seller including without limitation, any based on the Federal Consumer Credit Protection Act or other state or federal law.

The terms of this Assignment and Guaranty shall be effective notwithstanding anything to the contrary contained in any of the provisions of this contract, Dealer Repurchase Agreement or other agreement executed in connection with it.

This Assignment and Guaranty shall inure to the benefit of and be binding upon Seller's heirs, executors, administrators, successors and assigns.

If the Property described in this contract is of a type for which a certificate of title may be obtained, Seller agrees to perfect a security interest in the Property in favor of Assignee within twenty days of the date of this contract as shown on the reverse hereof and to provide Assignee with a certificate of title showing Assignee as first priority security interest holder within 30 days of the date of this contract. If Seller fails to comply with the immediately preceding sentence, Seller will, immediately upon Assignee's demand, repurchase the contract for the amount owing on the contract.

Dated ______ ______ (Type Firm Name) By ______ (Seller) ______ (Title)

OADA Form 300 (10/04) Simple Interest - OREGON - Copyright OADA Services, Inc. (2004) All Rights Reserved (800) 788-6232
The preparer makes no warranty, express or implied, as to content or fitness for purpose of this form. Consult your own legal counsel.

EXHIBIT NO. A
2 OF 2

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES ... DESCRIBED VEHICLE ... WITH THE VEHICLE ... OWNERSHIP INTERESTS SPECIFIED

CONTROL NUMBER 1158699

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | [illegible] | |
|---|---|---|---|---|
| ZVL305 | 0830102623 | 102708 | N/N | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO |
|---|---|---|---|---|---|
| 2006 | CHEV | 4C | SLV | 1GCJK39U26E184813 | |

OWNER/LESSEE

ALWINE, EUGENE TYRONE
28281 S DALMATIAN RD
MULINO OR 97042

| ODOMETER READING | MOVE EF DATE |
|---|---|
| 16,397 | 10/02/08 |

## TITLE BRANDS

The title Brand printed below indicates the history ... circumstances of the vehicle for which this title has been issued. Please see back of title for more information

- NONE -

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST FOR ANY OTHER CHANGES SEE INSTRUCTIONS ON REVERSE

If there is no change in owners as shown above AND all security interest holders have released interest **one registered owner must sign and date here.** If not completing a separate application for title. In addition if your address has changed cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to DMV 1905 Lana Ave NE Salem OR 97314

SIGNATURE (DOES NOT RELEASE INTEREST) | DATE

X

**To release interest in the vehicle, complete the reassignment on back of the title.**

SECURITY INTEREST HOLDER LESSOR

GMAC
PO BOX 8125
COCKEYSVILLE MD 21030

SIGNATURE ... | DATE

X

SIGNATURE AND ... | DATE

X

**SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS**

VOID IF ALTERED OR ERASED

VOID WITHOUT CHAIN LINK WATERMARK

735-410 (5 08) ZVL305 1GCJK39U26E184813 0830102623 C

2306 307 08 V1 T2 03 58 M1 P5 E0 M0 03

EXHIBIT NO. B

1 OF 1